UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | | |
|---|---|---|
| ERIC THOMPSON, Individually and On Behalf of All Others Similarly Situated, | § § § § | |
| Plaintiff, | § § | No._____ |
| v. | § § § | |
| FTS INTERNATIONAL SERVICES, LLC | § § § | JURY TRIAL DEMANDED |
| Defendant. | § § | |

## PLAINTIFF'S ORIGINAL COMPLAINT

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW Plaintiff Eric Thompson (referred to as "Plaintiff" or "Thompson") bringing this collective action and lawsuit on behalf of himself and all other similarly situated employees to recover unpaid overtime wages from Defendant FTS International Services LLC. (referred to as "Defendant" or "FTS"). In support thereof, he would respectfully show the Court as follows:

### I. Nature of Suit

1.      Thompson's claims arise under the Fair Labor Standards Act of 1938, 29 U.S.C. §§ 201-219 ("FLSA").

2.      The FLSA was enacted to eliminate "labor conditions detrimental to the maintenance of the minimum standard of living necessary for health, efficiency and general well-being of workers … ."  29 U.S.C. § 202(a).   To achieve its

humanitarian goals, the FLSA defines appropriate pay deductions and sets overtime pay, minimum wage, and recordkeeping requirements for covered employers.  29 U.S.C. §§ 206(a), 207(a), 211(c).

3.      FTS violated the FLSA by employing Thompson and other similarly situated nonexempt employees "for a workweek longer than forty hours [but refusing to compensate them] for [their] employment in excess of [forty] hours … at a rate not less than one and one-half times the regular rate at which [they are or were] employed." 29 U.S.C. § 207(a)(1).

4.      FTS violated the FLSA by failing to maintain accurate time and pay records for Thompson and other similarly situated nonexempt employees as required by 29 U.S.C. § 211(c) and 29 C.F.R. pt. 516.

5.      Thompson brings this collective action under 29 U.S.C. § 216(b) on behalf of himself and all other similarly situated employees to recover unpaid overtime wages.

## II.  Jurisdiction & Venue

6.      The Court has jurisdiction of this action pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 216(b) because it arises under the FLSA, a federal statute.

7.      Venue is proper in this district and division pursuant to 28 U.S.C. § 1391(b)(1), (2) because FTS resides in the Tyler Division of the Eastern District of Texas and/or a substantial part of the events or omissions giving rise to Thompson's claims occurred in the Tyler Division of the Eastern District of Texas.

## III.  Parties

8.     Eric Thompson is an individual who resides in Gregg County, Texas and who was employed by FTS during the last three years.

9.     FTS International Services, LLC is a Texas corporation that may be served with process by serving its registered agent:  Capitol Corporate Services, Inc. at 206 E. 9th Street, Suite 1300, Austin, Texas 78701-4411. Alternatively, if the registered agent of FTS International Services, LLC cannot with reasonable diligence be found at the company's registered office, FTS International Services, LLC may be served with process by serving the Texas Secretary of State pursuant to TEX. BUS. ORG. CODE § 5.251 and TEX. CIV. PRAC. & REM. CODE § 17.026.

10.     Whenever it is alleged that FTS committed any act or omission, it is meant that the FTS's officers, directors, vice-principals, agents, servants or employees committed such act or omission and that, at the time such act or omission was committed, it was done with the full authorization, ratification or approval of FTS or was done in the routine and normal course and scope of employment of F's officers, directors, vice-principals, agents, servants or employees.

## IV.  Facts

11.     FTS purports to be the largest private well completion company in North America.  FTS provides customized hydraulic fracturing services to extract oil and natural gas from wells; it does business in the territorial jurisdiction of this Court.

12.     FTS employed Thompson as an equipment operator from approximately December 2015 through the present.

13.     As an equipment operator, Thompson's primary duty was manually rigging up the equipment necessary to perform well completion services, operate equipment to perform fracking activities, rigging down the equipment and other duties assigned by management.

14.     During Thompson's employment with FTS, he was engaged in commerce or the production of goods for commerce.

15.     During Thompson's employment with FTS, the company was an enterprise engaged in commerce because it (1) had employees engaged in commerce or in the production of goods for commerce or had employees handling, selling or otherwise working on goods or materials that had been moved in or produced for commerce by others and (2) had an annual gross volume of sales made or business done of at least $500,000.

16.     FTS paid Thompson on an hourly basis.

17.     During Thompson's employment with FTS, he regularly worked in excess of forty hours per week, sometime working 80-90 hours per week.

18.     FTS knew or reasonably should have known that Thompson worked in excess of forty hours per week.

19.     FTS did not pay Thompson overtime "at a rate not less than one and one-half times the regular rate at which he [was] employed."  29 U.S.C. § 207(a)(1).

20.     Instead, FTS paid Thompson at the same hourly rate (i.e., his straight time rate) regardless of the number of hours he worked unless he worked more than forty hours for one of FTS's customers.

21.     Additionally, FTS refused to pay Thompson for all hours worked and to count that time towards its statutory overtime obligations under 29 U.S.C. §207 (i.e., they required Plaintiff to work "off-the-clock").

22.     By way of example, FTS did not pay Thompson for (or count towards its statutory overtime obligations) the following compensable time:

    a.  Non-billable time; and

    b.  Travel time to and from the well-site.

23.     As a result of these failures, FTS did not pay Thompson overtime "at a rate not less than one and one-half times the regular rate at which [they were] employed."  29 U.S.C. § 207(a)(1).

24.     FTS knew or reasonably should have known that Thompson was not exempt from the overtime provisions of the FLSA.

25.     FTS failed to maintain accurate time and pay records for Thompson as required by 29 U.S.C. § 211(c) and 29 C.F.R. pt. 516.

26.     FTS knew or showed a reckless disregard for whether its pay practices violated the FLSA.

27.     FTS is liable to Thompson for his unpaid overtime wages, liquidated damages and attorney's fees and costs pursuant to 29 U.S.C. § 216(b).

28.     All operators and all other nonexempt well completion workers employed by FTS are similarly situated to FTS because they (1) had similar job duties; (2) were frequently required to work off-the-clock; (3) regularly worked over of forty hours per week; (4) were not paid overtime for the hours they worked over forty per week as required by 29 U.S.C. § 207(a)(1) and (5) are entitled to recover their unpaid overtime wages, liquidated damages and attorneys' fees and costs from FTS pursuant to 29 U.S.C. § 216(b).

**V.  Count One—Failure To Pay Overtime in Violation of 29 U.S.C. § 207(a)**

29.     Thompson adopts by reference all of the facts set forth above.  *See*, FED. R. CIV. P. 10(c).

30.     During Thompson's employment with FTS, he was a nonexempt employee.

31.     As a nonexempt employee, FTS was legally obligated to pay Thompson "at a rate not less than one and one-half times the regular rate at which he [was] employed[]" for the hours that he worked over forty in a workweek.  29 U.S.C. § 207(a)(1).

32.     Instead, FTS paid Thompson at the same hourly rate (i.e., his straight time rate) regardless of the number of hours he worked unless he worked more than forty hours for one of FTS's customers.

33.     Additionally, FTS refused to pay Thompson for all hours worked and to count that time towards its statutory overtime obligations under 29 U.S.C. §207 (i.e., they required Plaintiff to work "off-the-clock").

- 6 -

34.    By way of example, FTS did not pay Thompson for (or count towards its statutory overtime obligations) the following compensable time:

    a.  Non-billable time; and

    b.  Travel time to and from the well-site.

35.    As a result of these failures, Thompson did not pay Thompson and others overtime "at a rate not less than one and one-half times the regular rate at which [they were] employed." 29 U.S.C. § 207(a)(1).

36.    If FTS classified Thompson as exempt from the overtime requirements of the FLSA, he was misclassified because no exemption excuses the company's noncompliance with the overtime requirements of the FLSA.

37.    Thompson knew or showed a reckless disregard for whether its pay practices violated the overtime requirements of the FLSA.   In other words, Thompson willfully violated the overtime requirements of the FLSA.

### VI.  Count Two—Failure To Maintain Accurate Records in Violation of 29 U.S.C. § 211(c)

38.    Thompson adopts by reference all of the facts set forth above.  *See*, FED. R. CIV. P. 10(c).

39.    The FLSA requires employers to keep accurate records of hours worked by and wages paid to nonexempt employees. 29 U.S.C. § 211(c); 29 C.F.R. pt. 516.

40.    In addition to the pay violations of the FLSA described above, FTS also failed to keep proper time and pay records as required by the FLSA.

### VII.  Count Three—Collective Action Allegations

41.     Thompson adopts by reference all of the facts set forth above.  *See*, FED. R. CIV. P. 10(c).

42.     On information and belief, other employees have been victimized by FTS's violations of the FLSA identified above.

43.     These employees are similarly situated to Thompson because, during the relevant time period, they were nonexempt, worked on well completion projects, were frequently required to work off-the-clock, and were denied overtime wages at one and one-half times their regular rates for hours worked over forty in a workweek.

44.     FTS's policy or practice of failing to pay overtime compensation is a generally applicable policy or practice and does not depend on the personal circumstances of the putative class members.

45.     Since, on information and belief, Thompson's experiences are typical of the experiences of the putative class members, collective action treatment is appropriate.

46.     All employees of FTS, regardless of their rates of pay, who were paid at a rate less than one and one-half times the regular rates at which they were employed for the hours that they worked over forty in a workweek are similarly situated.  Although the issue of damages may be individual in character, there is no detraction from the common nucleus of liability facts.  The Class is therefore properly defined as:

> All nonexempt well completion workers, including operators, employed by FTS.

47.     FTS is liable to Thompson and the other nonexempt well completion workers for the difference between what it actually paid them and what it was legally obligated to pay them.

48.     Because FTS knew and/or showed a reckless disregard for whether its pay practices violated the FLSA, the company owes Thompson and the other nonexempt well completion workers their unpaid overtime wages for at least the last three years.

49.     FTS is liable to Thompson and the other nonexempt well completion workers in an amount equal to their unpaid overtime wages as liquidated damages.

50.     FTS is liable to Thompson and the other nonexempt well completion workers for their reasonable attorneys' fees and costs.

51.     Thompson has retained counsel who are well versed in FLSA collective action litigation and who are prepared to litigate this matter vigorously on behalf of him and all other putative class members.

## VIII.  Jury Demand

52.     Thompson demands a trial by jury.

## IX.  Prayer

53.     Thompson prays for the following relief:

   a. an order allowing this action to proceed as a collective action under 29 U.S.C § 216(b);

b.  judgment awarding Thompson and the other nonexempt well completion workers all unpaid overtime compensation, liquidated damages, attorneys' fees and costs;

c.  prejudgment interest at the applicable rate;

d.  postjudgment interest at the applicable rate;

e.  incentive awards for any class representative(s); and

f.  all such other and further relief to which Thompson and the other operators and hourly workers may show themselves to be justly entitled.

Respectfully submitted,

MOORE & ASSOCIATES

By: _____
Melissa Moore
State Bar No. 24013189
Federal Id. No. 25122
Curt Hesse
State Bar No. 24065414
Federal Id. No. 968465
Lyric Center
440 Louisiana Street, Suite 675
Houston, Texas 77002
Telephone: (713) 222-6775
Facsimile: (713) 222-6739

**ATTORNEYS FOR PLAINTIFF**